HOPPENSTEDT et al. v. FULLER et al.

(Circuit Court of Appeals, Eighth Circuit. December 2, 1895.).

No. 597.

1. JURISDICTION—AVERMENT OF CITIZENSHIP—CONFESSION.
   Where the answer to the averment that plaintiffs are "citizens of the state of W., and residents therein," only puts in issue the question whether the plaintiffs "reside" in that state, the averment that they are "citizens" of the state—the essential jurisdictional fact—is confessed.

2. REDEMPTION FROM MORTGAGE SALE—VALIDITY.
   The clerical error of a sheriff in affixing the wrong date to a certificate of redemption does not affect the validity of the redemption.

3. REVIEW ON APPEAL—OBJECTION NOT RAISED BELOW.
   If plaintiffs in error admitted a mistake in the date of a certificate of redemption, and made no objection to its admissibility on that ground, they cannot make such objection for the first time in the appellate court.

4. SAME—PRESUMPTION.
   In the absence of anything in the record to show the contrary, it will be presumed that the findings of the lower court were based on admissions or competent evidence, and that there was no objection to the admission of any evidence tending to prove the facts found.

5. SALE UNDER MORTGAGE—REDEMPTION BY JUDGMENT CREDITOR.
   A holder of a junior mortgage who did not, within the year allowed for redemption, file the notice required by statute of his intention to redeem from a sale under a senior mortgage, cannot object that a redemption by a judgment creditor was based on an affidavit which included two judgments, only one of which was a lien on the land.

In Error to the Circuit Court of the United States for the District of Minnesota.

The defendants in error, M. E. Fuller, John A. Johnson, and Edward M. Fuller, brought this action in the United States circuit court for the Second division of the district of Minnesota, against the plaintiffs in error, H. F. Hoppenstedt and Ernst Bierman, to recover a quarter section of land. A jury was waived, and the court made the following special findings of fact and declarations of law:

"One F. W. Bierman entered the land under the timber act of congress, and received a patent for the same February 3, 1888. On April 25, 1888, he and his wife executed a mortgage of the premises to one C. K. Gilbert, and on February 8, 1889, executed a second mortgage thereon to one Barnhard H. Franzen. Both mortgages were duly recorded about the time they bear date. On April 27, 1891, the latter mortgage was purchased by the defendant Hoppenstedt, and he also purchased the Gilbert mortgage on May 13, 1891, which was assigned to him, and all the instruments were duly recorded. Default having been made in the Gilbert mortgage the owner, Hoppenstedt, foreclosed by advertisement under the statute, and it was sold June 29, 1891, and bid in by him for the sum of $323.91, which was the amount due. On April 5, 1890, the firm of Fuller & Johnson obtained a judgment against F. W. Bierman for the sum of $691.40, and $11.00 costs. This judgment was obtained upon notes executed before the patent issued to Bierman under the timber culture act, and, by the terms of that act, the judgment obtained would not be a lien upon this property. On February 23, 1891, Spicker Bros. obtained a judgment against Bierman for the sum of $157.17, which was duly assigned to Fuller & Johnson, and became a lien upon the land in question. On June 28, 1892, Fuller & Johnson, the survivors of the old firm of Fuller & Johnson, one of the partners having died, filed through their agent, Peterson, notice of an intention to redeem from the sale under the Gilbert mortgage, in time under the statute; and the same agent also, on June 29, 1892, made an affidavit stating the amount due on the two judgments owned by

the plaintiffs, which was in excess of the amount actually. due as a lien, by the amount of the first judgment. The amount required to redeem under the foreclosure from the assignee of Gilbert was given to the sheriff of Sibley county, and also certified copies of the judgment, and the proper certificates evidencing the lien under which the right to redeem is claimed were produced. It appears also that a certificate of redemption was duly made in compliance with the statute, by the sheriff of said county, and delivered to plaintiffs, bearing date June 29, 1892, and duly recorded. Also another certificate of redemption was executed by the sheriff, dated August 23, 1892, and duly recorded. This last certificate was issued merely to correct an error in the date of the time specified in the certificate of June 30, 1892, which fixed June 29th as the day of redemption, when in fact redemption was actually made on June 30, 1892, which was after the year had expired, of which fact there is sufficient evidence in the case. Fuller & Johnson, as creditors, being lien holders under the statute, had a right to redeem them, but not before that time. Defendant Hoppenstedt has never received or accepted from the sheriff of the county of Sibley the moneys paid by said plaintiffs to said sheriff in attempting to make redemption from the foreclosure sale of the premises in controversy to Hoppenstedt, and such money has not in fact been paid to him by the sheriff, nor demanded by Hoppenstedt from the sheriff; but the sheriff duly tendered him the amount so paid to him, for the purpose of redemption, and the full amount necessary to redeem the premises from the foreclosure sale. The mortgagor, Bierman, never. redeemed, and Hoppenstedt never filed any notice of intention to redeem as a subsequent mortgagor, nor took any steps required to set forth his rights under the Franzen mortgage.

"I find, as conclusions of law, that Peterson, as the agent of Fuller & Johnson, had a right to sign the notice to redeem and the affidavit of the amount due the creditors, and that the statute has been complied with in that respect; that Fuller & Johnson could redeem without paying the junior mortgage owned by Hoppenstedt; and that they could lawfully use the name of the old firm as was done by them. I find that plaintiffs are entitled to possession of the premises. Judgment therefor will be rendered accordingly, with costs.                    R. R. Nelson, Judge."

Upon these findings of fact and declarations of law, judgment was rendered for the plaintiffs, and the defendants sued out this writ of error.

C. G. Lawrence (W. P. Warner. and Harris Richardson were with him on the brief), for plaintiffs in error.

John Lind (C. A. Hagberg was with him on the brief), for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The objection that it does not appear either from the pleadings or finding of facts that the citizenship of the plaintiffs is such as to give the circuit court, jurisdiction is not well founded. The complaint avers that the plaintiffs are "citizens of the state of Wisconsin and residents therein." The answer to this averment only puts in issue the immaterial fact whether the plaintiffs "reside in the state of Wisconsin." It does not put in issue, and therefore confesses, the allegation of the complaint that the plaintiffs are "citizens of the state of Wisconsin," which is the essential jurisdictional fact.

The redemption was made on the 30th day of June, 1892, but, by a clerical misprision of the sheriff, the certificate of redemption was dated June 29, 1892. This clerical error of the sheriff in affixing a wrong date to the certificate did not affect the validity of the re-

demption. It was the duty of the sheriff to issue a certificate showing the date the redemption was made, and, if the first one did not do this. it was his duty either to correct the error in that certificate or to issue a new one that did state the date correctly. If the first certificate was valid, the second did not invalidate it; but if the first certificate was void on account of the error in its date, as contended by the plaintiffs in error, then it was the duty of the sheriff to issue one giving the true date, as was done. But this question is concluded by the findings. The court below found there was this mistake in the date of the certificate. This court is bound to presume this finding was made upon sufficient and competent evidence. The record does not contain the evidence, and there is nowhere in the record any exception to the introduction of any evidence offered by either party; nor is there any assignment of error based on the reception of alleged incompetent evidence. On the contrary, it appears from the record that the case was tried upon a written agreement that stipulated that "the testimony offered, and all stipulations and admissions heretofore entered into herein, and received upon the former trial," were to be taken as admitted and proved. Certainly, if the plaintiffs in error, on the trial below, admitted the error in the date of the certificate, and made no objection to its introduction in evidence on that ground, they will not be heard to make the objection for the first time in this court.

Upon the record, this court will presume that the findings of the court below were based upon admissions or competent evidence, and that there was no objection to the admission of any evidence tending to prove the facts found.

It is further contended by the plaintiffs in error that the redemption was void because the affidavit which was filed to show the amount for which the defendants in error claimed to have a lien upon the land, to entitle them to redeem, included two judgments, only one of which was a lien upon the land. The judgment which was a lien gave the right to make the redemption. The plaintiff in error Hoppenstedt, as the holder of the Franzen mortgage, was not prejudiced by the error, for the reason that he did not file within the year allowed for redemption the notice required by the statute of his intention to redeem. The defendants in error were the only persons who filed a notice of their intention to redeem. They were therefore the only persons entitled to redeem. No one else tried to redeem or qualified himself to do so.

Assuming, but not deciding, that the second certificate was essential to the validity of the redemption, and that it was not recorded within 10 days after the redemption, as required by the statute, that fact, by the terms of the statute, only affects its validity "as against any person in good faith making redemption from the same person or lien." The plaintiff in error Hoppenstedt is not such a person.

The facts found warrant the judgment of the circuit court, which is affirmed.